**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5909

LINDA VERNELL BAILEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, District Judge.
(CR-95-1-BR)

Submitted: July 25, 1996

Decided: August 19, 1996

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Wayne James Payne, POWELL & PAYNE, Shallotte, North Caro-
lina, for Appellant. Janice McKenzie Cole, United States Attorney,
John Samuel Bowler, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Linda Vernell Bailey pleaded guilty to two counts of distribution of cocaine base (crack), 21 U.S.C.A. § 841(a)(1) (West Supp. 1996). Bailey appeals the 135-month sentence imposed pursuant to those convictions. Bailey's sole contention is that the district court erred when it included as relevant conduct* 378.7 grams of crack that Bailey purchased before she committed the offenses to which she pleaded guilty. Both her acquisition of the crack in question and the two distribution offenses occurred while she was a major player in a drug ring in Jacksonville, North Carolina. As such, the prior purchases "were part of the same course of conduct . . . as the count[s] of conviction." U.S.S.G. § 1B1.3(a)(2), comment. (backg'd). Because the district court correctly found that those purchases qualified as relevant conduct, we affirm.

The Jacksonville Police Department documented 180 drug transactions that occurred between March 1, 1990, and October 14, 1994, in, or in the area around, the "Hopkins Building." Owned by Bailey's father, the Hopkins Building served as a de facto "safe haven" for street-level drug dealers. Bailey resided in an apartment on the second floor of the building. She and her son and co-defendant used her apartment and the unoccupied space across from her apartment for various purposes, including cutting, packaging, selling, and storing crack. The two sales resulting in the distribution convictions occurred in August and December 1994 at Bailey's apartment.

Two drug dealers informed agents that they had sold crack to Bailey at or near the Hopkins Building. Stephen Rodney testified that during a six-month period in 1991, he sold a total of 10.6 grams of

_____

*United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(2) (Nov. 1995).

2

cocaine to Bailey, once when she was operating a cash register at the Hopkins Building. Dermon Murchison informed agents that he sold crack to Bailey once or twice a week for a one-year period in 1991 and 1992. Bailey purchased 368.1 grams from Murchison during this period. All transactions occurred either in or around the Hopkins Building.

At the sentencing hearing, the district court found that the Government had established by a preponderance of the evidence that 439.3 grams of crack were attributable to Bailey: the .9 grams and .7 grams involved in the two distribution offenses; 59 grams seized from Bailey's apartment and the storage area in the Hopkins Building; and the 378.7 grams which investigators learned about from Rodney and Murchison. The court therefore overruled Bailey's objection to the presentence report, in which she claimed that she was accountable only for the 1.6 grams which she admitted to distributing.

Bailey argues on appeal that the Rodney and Murchison transactions were temporally remote from the distribution offenses and therefore were not relevant conduct. When computing a defendant's base offense level, district courts are to consider all the defendant's conduct that is related to the offense of conviction. U.S.S.G. § 1B1.3. "[I]n a drug distribution case, quantities . . . of drugs not specified in the count[s] of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3, comment. (backg'd).

In determining whether conduct is relevant under § 1B1.3(a)(2), the court looks to the nature of the defendant's acts, her role, and the number and frequency of those acts, as well as the similarity, regularity, and temporal proximity between the offense of conviction and the uncharged conduct. United States v. Mullins, 971 F.2d 1138, 1143-44 (4th Cir. 1992); see also U.S.S.G. § 1B1.3, comment. (n.9(A)). We review the district court's factual findings as to the amount of drugs constituting relevant conduct for clear error. United States v. Banks, 10 F.3d 1044, 1057 (4th Cir. 1993), cert. denied , ___ U.S. ___, 62 U.S.L.W. 3755 (U.S. May 16, 1994) (No. 93-8404).

In the subject case, Bailey's purchases from Rodney and Murchison were plainly part of the same course of conduct: extensive drug

3

dealing in and around the Hopkins Building. Police in Jacksonville documented 180 drug transactions there between March 1, 1990, and October 14, 1994. The Rodney and Murchison transactions occurred in 1991 and 1992, while the two distributions of which Bailey was convicted occurred in 1994. We think it clear that the transactions in 1991 and 1992, like those in 1994, were all part of the same course of conduct. As such, the district court's finding that the Rodney and Murchison transactions qualified as relevant conduct was not clearly erroneous.

We dispense with oral argument because our review of the materials before us reveals that argument would not aid the decisional process. The sentence is affirmed.

AFFIRMED